| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO<br><br>Court Address: 7325 South Potomac Street, Centennial, CO 80112<br><br>Phone: 303-649-6355 | |
| **Plaintiff: DEBRA WASHINGTON,** *an individual*<br><br>**v.**<br><br>**Defendant: COSTCO WHOLESALE CORPORATION, a foreign corporation.** | ▲ Court Use Only ▲ |
| **Attorneys for Plaintiff:**<br><br>Law Firm of Jeremy Rosenthal<br>Jeremy Rosenthal, Esq., #34538<br>4100 E. Mississippi Avenue, Floor 19<br>Denver, Colorado 80246<br>Phone: (303) 825-2223<br>Fax: (303) 825-2224<br>E-mail: Jeremy@LFOJR.com<br><br>LAW OFFICE OF MICHAEL FOSSENIER, LLC<br>Michael P. Fossenier, Esq., #17804<br>4100 E. Mississippi Ave., Floor 19<br>Denver, CO 80246<br>Phone: (720) 495-7029<br>Fax: (303) 583-8344<br>Email: mike@fozlaw.com | Case Number: 2022CV032262<br><br>Courtroom/Division: |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, the Plaintiff, Debra Washington, by and through her above-named attorneys and alleges, avers and states against Defendant Costco Wholesale Corporation, ("Defendant"), as follows:

1. That at all times material hereto, Plaintiff Debra Washington, ("Ms. Washington," or "Plaintiff"), resided at 9800 East 5th Ave Aurora, CO 80010.

2. On information and belief that at all times material hereto, Defendant Costco Wholesale Corporation, ("Costco," "Defendant"), was a Washington corporation, in good standing doing business in the State of Colorado with the registered agent

|     | |
| --- | --- |
|     | of CT Corporation System, 7700 E. Arapahoe Road, Ste. 220, Centennial, Colorado, 80112-1268. |
| 3.  | That at all times material hereto, Defendant operated a retail store known as Costco Wholesale Corporation, a/k/a "Costco", located at 1471 S. Havana Street, Aurora, Colorado, 80112, ("store," "Defendant's store"). |
| 4.  | At all times relevant, Defendant Costco was a "landowner" as that term in intended within the Colorado Premises Liability Act, C.R.S. 13-21-115. |
| 5.  | Venue is proper in Arapahoe County as Defendant's store is located in Arapahoe County, Colorado, and the tortious conduct complaint herein occurred in that location as well. |
| 6.  | The above-described premises was open to members of the public at large who might go there as business "invitees" as that is defined by C.R.S. 13-21-115. |
| 7.  | On April 20, 2022, Plaintiff was a business "invitee" of Defendant's above-identified store, as defined by C.R.S. 13-21-115. |
| 8.  | That on April 20, 2022, while Plaintiff was shopping in Defendant's store as a business invitee, there was a pool of water or watery liquid on the floor nearby the flower department area, in Defendant's store. |
| 9.  | Defendant knew, or should have known, that such conditions constituted a danger to its customers, and failed to take appropriate actions to mitigate said dangerous conditions. |
| 10. | Further, such conditions were known or should have been known by Defendant to have been of the type, that they were known to be ongoing, repeated, commonly existing conditions in and near the area of the store's flower department, which Defendant knew about, but negligently and callously failed to remediate for the safety of its customer-invitees. |
| 11. | Defendant had notice and knowledge of the above dangerous condition prior to the incident complained of herein or should have in the exercise of reasonable care and had notice and knowledge such condition was an ongoing, often repeating, continuing condition which was hazardous to its customer-invitees. |
| 12. | That on April 20, 2022, Plaintiff entered Defendant's store to shop and approached near the flower department/area, exercising due care for her own safety. As she shopped, Plaintiff stepped into a wet pool of slippery water and/or fluid on the floor, which caused her to slip and violently fall to the floor. |
| 13. | Defendant had employees in the area who witnessed this event, and who filled out incident reports for the Defendant. Defendant's manager also came to the scene of this incident and took photographs of the scene of the incident and the water on the floor where Plaintiff fell. There is also believed to be video of this incident. |

14. Defendant failed to adequately monitor the physical condition of its premises, specifically its area in and near the flower department, to keep it safe for its customers, and failed to correct the dangerous conditions it knew or should have known about, which was an ongoing, continuous, and repeating hazard known to Defendant.

15. Defendant failed to keep the floor area clean or dry, failed to place any sign warning signs of any kind for its customers concerning the slippery, dangerous conditions; failed to clean up the puddles of fluids on its floor; failed to keep the floor free of debris on which customers might slip, failed to place slip-proof mats or runners in areas which were known to reduce the chance of customers slipping, and failed to otherwise take any action to remediate this known hazardous condition, forcing customers to have to expose themselves to this danger in order to shop for meats. Defendant's failures were negligent and in callous disregard for the rights and safety of its customers.

### FIRST CLAIM FOR RELIEF
### C.R.S. 13-21-115
### *Colorado Premises Liability Act*

16. Plaintiff realleges and incorporates herein by reference, the allegations set forth in the above paragraphs 1 through 15.

17. Defendant's above-described acts and omissions were negligent and also, in violation of its duties of care it owed to Plaintiff and the public pursuant to C.R.S. 13-21-115, the Colorado Premises Liability Act, "PLA," which negligence, acts and omissions in violation of the PLA caused Plaintiff to suffer injuries, damages and losses to the extend and in amounts to be proven at trial, and for which Defendant is liable to Plaintiff inasmuch as Plaintiff's damages arose from Defendant's unreasonable failure to exercise reasonable care to protect Plaintiff from dangers it actually knew or should have known.

18. The hazards and/or dangers complained of were also, in addition to the above, of the type which were or should have been known due to the proximity of the flower department, ongoing, continuous and/or repeating nature of water being in and around flowers and the flower department whereby water would repeatedly be found on the floor of the store in the areas in and nearby the flower department, Defendant is deemed to have had actual and constructive knowledge of the hazards and/or dangers alleged, as further established by *Jasko v. F.W. Woolworth Co.,* 494 P.2d 839 (Colo. 1972).

19. As a direct and proximate result of the Defendant's violations of its PLA duties owed to Plaintiff and the public as well as its negligent acts and/or failures to act, Plaintiff suffered severe personal injuries, including but not limited to a severely intraarticular fractured toe with knee injuries, low back injuries, physical

impairment, permanent impairment, pain and suffering, past and future, costs for medical care past and future and other economic losses, pain and suffering, past and future, garden variety emotional distress and anguish past and future, and loss of enjoyment of life past and future.

WHEREFORE, Plaintiff Debra Washington respectfully requests that this Court enter judgment in her favor and against Defendant; and grant the following relief:

a. Compensation for economic losses, both past and future.

b. Compensation for noneconomic losses for pain and suffering, inconvenience, emotion distress, loss of enjoyment of life, and anxiety, both past and future.

c. Compensation for temporary and permanent physical impairments.

d. Compensation for other expenses sustained or incurred.

e. Award all case related reasonable costs and expert witness fees as provided by law.

f. Pre-judgment and post-judgment interest as provided by law.

g. Any such further relief as the Court deems just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY A JURY OF SIX IN THIS MATTER.**

Respectfully submitted this 7th day of December 2022,

LAW OFFICE OF MICHAEL FOSSENIER , LLC
*/s/ Michael Fossenier*
Michael Fossenier, Esq., #17804
Attorney for Plaintiff

Address of Plaintiff
C/O of Law Office of Michael Fossenier, LLC
4100 E. Mississippi Avenue, Floor 19
Denver, Colorado 80246

| | | | |
|---|---|---|---|
| **PIN:** | 031111561 | | |
| **AIN:** | 1973-10-1-10-029 | | |
| **Situs Address:** | 9800 E 5th Ave | | |
| **Situs City:** | Aurora | | |

| | |
|---|---|
| **Full Owner List:** | Washington Eric, Washington Debra L |
| **Ownership Type:** | Joint Tenancy |
| **Owner Address:** | 9800 E 5th Ave |
| **City/State/Zip:** | Aurora, CO 80010-4248 |

| | |
|---|---|
| **Neighborhood:** | Sunnyvale Amended |
| **Neighborhood Code:** | 2196.00 |
| **Acreage:** | 0.1720 |
| **Land Use:** | Single Family |
| **Legal Desc:** | Lot 2 Blk 7 Sunnyvale Amended & Vac Alley Adj |

| | **Total** | **Building** | **Land** |
|---|---|---|---|
| *2022 Appraised Value* | 317,700 | 222,700 | 95,000 |
| *2022 Assessed Value* | 22,081 | 15,478 | 6,603 |
| | | **2021 Mill Levy:** | 100.753 |

| *Sale* | **Book Page** | **Date** | **Price** | **Type** |
|---|---|---|---|---|
| | 5152  0092 | 05-13-1987 | 78,000 | |
| | 2840  0014 | 08-01-1978 | 59,000 | |

| *Building* | **Building** | **Attributes** | **Recorded** |
|---|---|---|---|
| | 1 | Quality Grade | Average |
| | | Improvement Type | Single Family |
| | | Bathrooms | 2.00 |
| | | Architectural | 1 Story/Ranch |
| | | Heat Method | Forced Air Unit |
| | | Year Built | 1956 |
| | | Roof | Asphalt/Composition Shingle Roof |
| | | Exterior Wall | Brick & Conc Block |
| | | Construction Type | D - Wood or Steel Studs Frame |

| *Area* | **Building** | **Description** | **SqFt** |
|---|---|---|---|
| | 1 | Covered Porch | 300 |
| | | Outbldg Parking Res | 759 |
| | | Basement Finish | 654 |
| | | First Floor | 1125 |
| | | Basement Total | 1125 |
| | | Covered Porch | 80 |
| | | **Bldg Total Area:** | **1125** |

| *Land Line* | **Units** | | **Land Use** |
|---|---|---|---|
| | 1.0000 LT | | Single Family Residential |

*Note: Land Line data above corresponds to the initial appraised value and does not reflect subsequent appeal related adjustments, if any.*

\* Not all parcels have available photos / sketches.

In some cases a sketch may be difficult to read. Please contact the Assessors Office for assistance. Measurements taken from the exterior of the building.

The Arapahoe County Assessors Office does not warranty the accuracy of any sketch, nor assumes any responsibility or liability to any user.

Although some parcels may have multiple buildings and photos, at this time our system is limited to 1 sketch and 1 photo per parcel number. Sorry for any inconvenience.

New Search

 

Colorado Secretary of State Jena Griswold

Voter menu

# My Voter Registration

Versión en Español

**Warning:** It is against the law to knowingly submit false information or to tamper with another person's voter registration information.

**Name** DEBRA LEE WASHINGTON

| Voter Details | Ballot Information | County & District Information |

| **Name** | DEBRA LEE WASHINGTON |
| **Birth Year** | 1955 |

## Registration

| **Voter ID** | 666717 |
| **County registration date** | 09/18/1990 |
| **Registration Status** | Active |
| **Party Affiliation** | Democratic |
| **Date of Affiliation** | 09/18/1990 |

## Voter Information

| **Residential Address** | 9800 E 5TH AVE, AURORA, CO, 80010-4248 |

New Search    Edit

^ Top

Colorado Secretary of State | 1700 Broadway, Suite 550, Denver CO 80290 | 303-894-2200

Terms & conditions    Browser compatibility